In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-1403

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ARMEL RICHARDSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 CR 109-1— **Gary S. Feinerman**, *Judge.*

ARGUED JANUARY 26, 2016— DECIDED FEBRUARY 9, 2016

Before WOOD, *Chief Judge*, and BAUER and POSNER, *Circuit Judges*.

POSNER, *Circuit Judge*. The defendant pleaded guilty to conspiracy to distribute an illegal drug, in violation of 21 U.S.C. §§ 846, 841(a), and was sentenced to 114 months in prison. His appeal challenges only the length of his sentence, which he contends was based on unreliable evidence consisting of police reports of previous crimes that he'd committed.

Because he was a career offender his guidelines range was 151 to 188 months. Thus he received a below-guidelines sentence. (Had he not been a career offender, his guidelines range would have been only 77 to 96 months.) But it is apparent from remarks made by the district judge at the sentencing hearing that the judge would have imposed an even lower sentence had it not been for the description in the presentence report of two convictions of the defendant, unrelated to the convictions that resulted in the career offender determination that increased his guidelines range, for possession of illegal drugs. It was those two convictions that persuaded the judge that (in his words) the defendant "is a career offender, not just technically but actually."

The two offenses that made the defendant technically a career offender had been committed in 1997, some 18 years before the sentencing hearing, when he was only 19 years old, and the offenses had involved only small amounts of (crack) cocaine (7.2 grams and .2 grams, respectively). The two convictions that caught the judge's eye were for possession of at least 3, and of at least 25, grams of cocaine, in 2001 and 2005 respectively, when the defendant had been 23 and 26 years old. The judge said that those two offenses could "very easily" have been charged as distribution offenses, which are punished more heavily than charges of simple possession and would have made the defendant a career offender even if he hadn't attained that status by virtue of the 1997 convictions.

It is apparent that had the judge not considered the 2001 and 2005 offenses, he would have given the defendant an even shorter sentence than 114 months. The defendant complains, however, that the only descriptions of those offenses

in the presentence report were based on police reports, and that such reports often are unreliable and therefore should not have been the basis of a heavier sentence than the judge would otherwise have imposed. Indeed he argues that information in uncorroborated police reports should never be allowed to influence a sentencing judge, because such reports are hearsay.

What is true is that "a sentencing court may not consider police reports to determine whether a prior conviction meets the definition of a crime of violence or a controlled substance offense for purposes of classifying a defendant as a career offender." *United States v. Durham*, 645 F.3d 883, 896 (7th Cir. 2011), summarizing *Shepard v. United States*, 544 U.S. 13 (2005). But that was not what the district judge did. The classification of the defendant as a career offender is not contested. The only issue is whether a sentencing judge can allow his exercise of sentencing discretion to be influenced by a summary of police reports in the presentence report prepared by the Probation Service. He can. Judges routinely rely on information found in such reports, even though much of that information is hearsay. The rules of evidence do not apply to sentencing, and so the sentencing judge is free to consider hearsay found in presentence reports provided that "it is well supported and appears reliable." *United States v. Heckel*, 570 F.3d 791, 795 (7th Cir. 2009). The only hearsay in the presentence report relating to the defendant's 2001 and 2005 offenses was the amount of drugs plus a statement that he'd been found with a digital scale containing crack cocaine residue, along with $7,515 in cash, when he was arrested in 2005—his convictions and sentences were matters of public record, and the sentences of 27 months for the 3-gram offense and 98 months for the 25-gram offense were consistent

with the drug amounts; and as the defendant presented no evidence that the police reports were inaccurate in any respect relevant to this case, the judge was not required to disregard those amounts.

AFFIRMED